UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCIS DE LUCAS,<br><br>*Plaintiff,*<br><br>-against-<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, AND PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>*Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Francis De Lucas ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Portfolio Recovery Associates, LLC ("Portfolio" or the "Furnisher Defendant"), and against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (Equifax, Experian, and Trans Union are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Brooklyn, New York.

6. Defendant Portfolio is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

8. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

9. Defendant Trans Union is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

10. Plaintiff is a victim of a mixed file.[1]

11. Each credit bureau Defendant included the information of one or more individuals in Plaintiff's credit file, including at least one derogatory credit account (hereinafter, the information belonging to one or more individuals is the "Mixed Information").

12. Specifically Defendants Equifax and Experian each included a credit account with a company doing business as Sunrise Credit Services in Plaintiff's credit file.

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

13. Defendant Trans Union included two credit accounts attributable to Defendant Portfolio in Plaintiff's credit file.

14. Among other examples of defamatory publications, Equifax published Mixed Information to Verizon on December 12, 2023. This publication defamed Plaintiff, thereby:

    a. Giving Verizon the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

15. Among other examples of defamatory publications, Experian published Mixed Information to Capital One on January 11, 2024. This publication defamed Plaintiff, thereby:

    a. Giving Capital One the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

16. Among other examples of defamatory publications, Trans Union published Mixed Information to Bank of America on February 7, 2024. This publication defamed Plaintiff, thereby:

    a. Giving Bank of America the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Trans Union Dispute*

17. In a letter dated February 12, 2024, Plaintiff disputed Mixed Information to Trans Union. Among other items, Plaintiff disputed two credit accounts attributable to Portfolio ("Portfolio Accounts").

18. Upon information and belief, Trans Union notified Portfolio about Plaintiff's dispute.

19. After Plaintiff's dispute and upon information and belief, Portfolio verified to Trans Union that the Portfolio Accounts were reporting accurately even though Portfolio could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

20. Trans Union, in turn, continued to report the disputed Portfolio Accounts even though, had Trans Union performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Trans Union informed Plaintiff of its conclusion in dispute results dated February 21, 2024.

*Damages*

21. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

22. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

23. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

24. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including difficulty sleeping, frustration and depression.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Unjustifiable invasions of Plaintiff's privacy rights as Plaintiff's personal information was disseminated to unauthorized parties.

25. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

26. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[2]

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FCRA BY PORTFOLIO
### (FURNISHER DEFENDANT)

27. Because of its unlawful reporting and verifications of the Portfolio Accounts, Furnisher Defendant Portfolio is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute of the Portfolio Accounts reporting on Plaintiff's Trans Union credit report after, upon information and belief, Portfolio received notice of Plaintiff's dispute from Trans Union;

---

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

    b. failing to review all relevant information provided to Portfolio by Trans Union concerning Plaintiff's dispute of the Portfolio Accounts;

    c. failing to promptly modify, delete, or permanently block any and all information about the disputed Portfolio Accounts that Portfolio, had it conducted reasonable investigations of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d. falsely representing to Trans Union that Plaintiff was responsible for the Portfolio Accounts.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY EQUIFAX, EXPERIAN, AND TRANS UNION**
**(CONSUMER REPORTING AGENCIES)**

*Violations of FCRA § 1681e(b)*

28. Equifax, Experian, and Trans Union each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Equifax, Experian, and Trans Union did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Mixed Information.

*Violations of FCRA § 1681i*

29. Trans Union violated FCRA § 1681i(a)(1) by failing to conduct a reasonable reinvestigation of the Portfolio Accounts after Plaintiff disputed their accuracy to determine whether the Portfolio Accounts were accurately reporting.

30. Trans Union violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's dispute of the Portfolio Accounts.

31. Trans Union violated FCRA § 1681i(a)(5) by failing to promptly delete the Portfolio Accounts from its consumer file for Plaintiff despite the fact that Trans Union, had it conducted a reasonable reinvestigation of Plaintiff's dispute, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

/s/ James R. Ticchio
James R. Ticchio
Sherman & Ticchio PLLC
120 N. Main Street Suite 302B
New City, NY 10956
212-324-3874
james@st-legal.com
*Counsel for Plaintiff*